UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMIKIA C.,

          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

21-CV-00568-MJR
DECISION AND ORDER

---

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

      Plaintiff Timikia C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 10) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on June 11, 2019, with an alleged onset date of February 6, 2019. (Administrative Transcript ["Tr."] 15, 162-65). The application was initially denied on September 4, 2019, and upon reconsideration on December 3, 2019. (Tr. 58-92). Plaintiff timely filed a request for an administrative hearing. (Tr. 108-23). On August 19, 2020, Administrative Law Judge ("ALJ") Timothy M. McGuan held a telephone hearing, at which Plaintiff participated, with counsel. (Tr. 34-57). A vocational expert also appeared at the hearing. The ALJ issued an unfavorable decision on October 5, 2020. (Tr. 12-33). On March 17, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.  <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.  *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 11, 2019, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; obesity; generalized anxiety disorder; major depressive disorder; and substance abuse disorder. (Tr. 17-18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19). Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that she can perform light work as defined in 20 C.F.R. § 416.967(b), except that she can frequently climb ramps and stairs but never climb ladders, ropes or scaffolds; she can frequently balance, stoop, kneel, crouch and crawl; she can perform simple, unskilled work, and can occasionally interact with the general public; and she requires a sit/stand option at will. (Tr. 20-26).

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 26). At step five, the ALJ found that there are jobs that exist in significant numbers in the

national economy that Plaintiff can perform.  (Tr. 27).  The ALJ concluded that Plaintiff has not been under a disability since June 11, 2019, the application date.  (Tr. 28).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ failed to explain adequately why he omitted additional limitations from his mental RFC determination.  The Court agrees.

In his decision, the ALJ stated that psychological consultative examiner, Dr. Susan Santarpia, Ph.D., diagnosed Plaintiff with adjustment disorder with depressed and anxious mood, and opined, *inter alia*, that Plaintiff can "interact adequately with supervisors, coworkers, and the public."  (Tr. 25).  The ALJ found Dr. Santarpia's opinion generally persuasive, but further found that, "in light of evidence of reported hallucinations and impaired judgment in June 2020 . . ., as well as the [Plaintiff's] impaired concentration on mental status examination," the Plaintiff "has somewhat greater mental limitations, such that she has **moderate restriction in her ability to interact with others**[.]" (Tr. 25). Presumably based on this finding, the ALJ stated in his mental RFC determination that Plaintiff can only "occasionally interact with the public."  (Tr. 20).  However, while restricting plaintiff's interactions with the public, he placed no restrictions on her interactions with supervisors or co-workers. To the extent an ALJ distinguishes between the groups with whom a claimant can interact, he must explain and provide support for that distinction. See Luke H. v. Saul, 19-CV-720, 2020 U.S. Dist. LEXIS 133301 (N.D.N.Y. July 28, 2020). See, e.g., Nickens v. Colvin, 2014 U.S. Dist. LEXIS 133877, 2014 WL 4792197, *2 (W.D. Pa. Sept. 23, 2014) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the Defendant's mental residual

capacity forms. Thus, limitations on two of these types of interactions in the RFC does not account for limitations on the third."); Joseph H. v. Comm'r of Soc. Sec., 3:19-CV-587, 2020 U.S. Dist. LEXIS 91254 (N.D.N.Y. May 26, 2020) (". . . the ALJ compounded her error by failing to explain how she determined that plaintiff could tolerably interact with co-workers and supervisors up to one-third of the workday but not the general public, when the medical opinion evidence in the record made no such distinction regarding plaintiff's limitations in interacting with others."); Michelle A. v. Saul, 19-CV-00991, 2020 U.S. Dist. LEXIS 230508 (W.D.N.Y. Dec. 8, 2020) ("The ALJ's failure to then either impose a limitation as to plaintiffs ability to interact with supervisors, or to explain, based upon the evidence in the record, why one was not necessary, is an error which requires remand.") Moreover, an RFC which goes to mental impairments must be sufficiently specific and supported by detailed evidence. See Martin v. Colvin, 1:15-CV-01067, 2017 U.S. Dist. LEXIS 11067, *8-9 (W.D.N.Y. Jan. 26, 2017) (an ALJ's duty to develop the record is heightened where mental conditions are present).

Accordingly, the case is remanded for an explanation from the ALJ as to why he differentiated between interaction with the public and interaction with supervisors and coworkers when determining Plaintiff's mental RFC.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No.10) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: August 21, 2023
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge